JORGENSEN *v.* THREE THOUSAND ONE HUNDRED AND SEVENTY-THREE
CASKS OF CEMENT.[1]

*(District Court, E. D. New York.  November 27, 1889.)*

UNITED STATES MARSHAL—FEES—ATTACHMENT—CUSTODY OF GOODS.
    A deputy-marshal, by permission of the collector of the port, entered a warehouse
    in which goods were stored in the custody of the collector, and made service of
    process, and affixed a notice of seizure to the property, and thereafter a keeper vis-
    ited the store-house three times a day, though without entering it.  *Held,* that the
    marshal had effected an attachment, and was entitled to tax as custody fees such
    amount as he had actually paid a keeper for that service.

In Admiralty.   On appeal from taxation of marshal's fees.

Certain casks of cement, brought into the port of New York on the
bark Dictator, were taken into custody by the collector of the port for
non-payment of duties, and were stored in a bonded warehouse.    A libel
was subsequently filed against the property by the master of the Dicta-
tor to recover freight, on which libel process was issued.    No claimant
appeared for the property.

*Butler, Stillman & Hubbard,* for libelant.

*Charles M. Stafford,* U. S. Marshal, *in pro. per.*

BENEDICT, J.   This case comes before the court upon an appeal from
the taxation of the marshal's fees.    The only item in dispute is a charge
for necessary expenses of keeping the property proceeded against, which
is 3,173 casks of cement.    At the time the process was issued the cement
was in the custody of the collector of the port, stored in Bonded Store No.
23.    Upon receipt of the process application was made to the collector to
allow the marshal to seize the property, whereupon the collector gave per-
mission that the warehouse be opened, and that the deputy-marshal enter
therein for the purpose of making a seizure of the property.    Under that
permit the warehouse was opened, and the marshal's deputy allowed to
enter and make service of the process, and affix a notice of seizure to the
property    Thereafter, according to the affidavits, the marshal's keeper
visited the store-house three times a day, every day, and the marshal
now seeks to tax the sums paid by him to the keeper for the services de-
scribed.

It is impossible, upon these facts, to deny that the marshal effected an
attachment upon the property.    Notwithstanding the collector had the
property in his possession, when he opened the warehouse for the pur-
pose of permitting the property to be seized, and allowed the deputy-
marshal to enter, levy his attachment upon the cement, and affix thereto
notice that the same had been seized by virtue of the process of the court,
the marshal's custody of the property was complete, and it was his duty
to see that the property was forthcoming to answer the decree.

An affidavit by the store-house keeper is submitted on behalf of the
objectors, which shows that since the time the attachment was levied the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

deputy-marshal had at no time asked permission of the store-keeper to enter the store-house; that during at least 30 days of the time in question the bonded store had been locked all day, and no one allowed to enter, and of the remaining time there have been at least 40 days when the stores were only open for a short time, and then only in the presence of the store-keeper, and that during none of those days did the marshal's deputy enter the stores. These facts do not affect the question. The store-keeper was not keeper for the marshal, nor was the collector. When the marshal's keeper found that the cement was in the store-house, it was only necessary for him to see that it was not removed. There was no necessity, in order to maintain the marshal's custody, that the deputy enter the store-house or see the property again. It was the marshal's right to employ a keeper to see that the cement be not removed in case the store-house should be opened. That was accomplished by sending a keeper to visit the warehouse, for the purpose of ascertaining whether goods were being delivered from that warehouse, and in such case whether the cement was being interfered with, and the marshal is entitled to tax what he has actually paid for that service.

The taxed bill is not before me, but what has been said will enable the parties to ascertain the amount properly taxable.